In the Matter of the Probate of the Last Will and Testament of ALMIRA INGERSOLL, Deceased.

*Court of Appeals, February 5, 1892.*

*Wills. Trusts.*—A clause in a will creating a trust, which cannot be carried out and not making an unconditional gift of the money to the executor which he can dispose of as he sees fit, is void.

Appeal from judgment of the supreme court, general term, fifth department, reversing part of decree of surrogate adjudging a clause of the will void.

*Fred J. Blackmon*, for appellants.

*W. S. Thrasher*, for respondent.

PER CURIAM.—We think the judgment of the general term, herein should be reversed and the decree of the surrogate affirmed.

The eighth clause of the will we have no doubt creates a trust and does not make an unconditional gift of the money to the executor, which he could dispose of as he thought fit. The language is not merely precatory. It is clear, distinct and certain and it gives the money to the executor " for the uses and purposes " named in the clause. Those uses and purposes cannot be carried out. What follows that language is simply a written statement of what is implied in every gift to a trustee, viz.: that the donor relies upon the trustee to carry out his wishes.

It is unnecessary to say more in this case than that we agree generally in the views expressed in the dissenting opinion of Mr. Justice Macomber at the general term upon this point, while expressing no opinion upon the question therein also discussed, whether in any aspect the gift violates the statute in regard to bequests to charitable societies as made within two months before the death of the testator.

The judgment of the general term must be reversed and the decree of the surrogate affirmed, with costs of both parties payable out of estate.

All concur.